UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.                                         **MEMORANDUM OPINION AND ORDER**

Kelly Javan Oliver, a/k/a Kurtis Oliver,        Criminal No. 05-408 ADM/JSM

        Defendant.

---

Andrew Dunne, Esq., United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Kelly Javan Oliver, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for a ruling on Kelly Javan Oliver's ("Oliver") 3582 Motion for Sentence Reduction [Docket No. 56] ("Motion"). The Government has filed a Response to Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) [Docket No. 58] ("Response"). For the reasons set forth below, Oliver's Motion is denied.

## II. BACKGROUND

On March 6, 2006, Oliver pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base. Plea Agreement [Docket No. 29]. Oliver's offense was subject to a statutory mandatory minimum sentence of 120 months of imprisonment under 21 U.S.C. § 841(b)(1)(A). On August 22, 2006, Oliver was sentenced to the mandatory minimum sentence of 120 months. Judgment [Docket No. 33]. Oliver now moves for a sentence reduction under the amended cocaine base guidelines.

# III. DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a prison sentence may be reduced if the United States Sentencing Commission has subsequently lowered the sentencing range. On November 1, 2011, the Sentencing Commission amended its Policy Statement § 1B1.10 and lowered the base offense levels applicable for offenses involving cocaine base. This amendment has retroactive application, but it is not applicable here because Oliver was sentenced to the statutory mandatory minimum sentence. Under the United States Sentencing Guideline ("U.S.S.G.") § 5G1.1(a), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(c)(2) further states than an imposed sentence cannot be "less than any statutorily required minimum sentence."

At the time Oliver committed the offense, the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) for violations involving 50 or more grams of cocaine base was 120 months of imprisonment. The Fair Sentencing Act of 2010 ("FSA") has increased the quantity of cocaine base that is required to trigger the mandatory ten-year sentence from 50 grams to 280 grams. Fair Sentencing Act of 2010 § 2(a)(1). The result of these changes is a reduction in the cocaine sentencing guidelines and an elimination of the mandatory minimum sentence for simple possession. Id. §§ 2–3. However, the FSA is not retroactive because it contains no express statement that it is. United States v. Sidney, 648 F.3d 904, 906 (8th Cir. 2011). Consequently, the general savings statute, 1 U.S.C. § 109, requires the court to apply the penalties "in place at the time the crime was committed." Id.; see also United States v. Smith, 632 F.3d 1043, 1047–48 (8th Cir. 2011).

The amendments to the Sentencing Guidelines in U.S.S.G. § 2D1.1, which became retroactive on November 1, 2011, have no impact on Oliver's statutory minimum sentence without express Congressional action making the FSA retroactive. Since Congress has not made the FSA retroactive, the statutory minimum sentence in force when Oliver committed the offense applies here and requires the imposition of no less than 120 months' imprisonment. Therefore, Oliver is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) or U.S.S.G. § 2D1.1, and his Motion is denied.

## IV.  CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Oliver's 3582 Motion for Sentence Reduction [Docket No. 56] is **DENIED**.

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 30, 2011.